United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 98-20385

MAX ALEXANDER SOFFAR,

            Petitioner-Appellant,

v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

            Respondent-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

Before GARZA, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

No member of the panel nor judge in regular active service of the Court having requested that the Court be polled on Rehearing En Banc (FED R. APP. P. and 5TH CIR. R.35), the Petition for Rehearing En Banc filed herein by the State is DENIED.

Treating the Petition for Rehearing En Banc as a Petition for Panel Rehearing, the Petition for Panel Rehearing is GRANTED to the limited extent to effect the following amendment in the text of the panel opinion issued herein under date of April 21, 2004, as follows:

A. The following quoted text as it appears in the panel opinion at <u>Soffar v. Dretke</u>, 368 F.3d 441, 464-65 (5th Cir. 2004), filed April 21, 2004, is deleted:

> In our view the grant of COA by the original panel decision in <u>Soffar I</u> to consider the merits of the two claims before us here, which has been reinstated by the opinion of the <u>en banc</u> Court in <u>Soffar II</u>, clearly complies with the test of "debatability of the underlying constitutional claims" as instructed by the Supreme Court in <u>Miller-El</u>.
>
> In his dissent here in <u>Soffar III</u>, Judge Garza obviously decides to change his mind in part about our prior grant of COA's on the merits of these two issues and now contends that the ineffective assistance of counsel issue is not properly before us procedurally, thereby avoiding the mandate of our <u>en banc</u> Court to address the <u>merits</u> of that issue, for which COA was granted. Out of an abundance of caution, however, we address the State's (and now Judge Garza's) contentions with the following analysis which is what was relied upon by the panel in <u>Soffar I</u> to grant COA on this issue, though not expressly articulated therein.

B. The following quoted text shall be substituted in lieu of the deleted text set forth above:

> In our view the grant of COA by the original panel decision in <u>Soffar I</u> to consider the merits of the two claims before us here, which has been reinstated by the opinion of the <u>en banc</u> Court in <u>Soffar II</u>, clearly complies with the test of "debatability of the underlying constitutional claims" as instructed by the Supreme Court in <u>Miller-El</u>.
>
> In his dissent here in <u>Soffar III</u>, Judge Garza initially contends that the ineffective assistance of counsel issue is not properly before us procedurally. As the following

2

discussion demonstrates, we disagree with his contention on this threshold issue.

C.   The foregoing amendment does not effect a substantive change in the judgment of the Court contemplated by the original panel opinion issued on April 21, 2004.  Therefore, the Clerk is instructed to issue forthwith upon the filing of this order the mandate on the original panel opinion as amended by this order.